IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLY GENE MARSHALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 08-CV-0748-CVE-TLW |
| ) | |
| JAMES RUDEK, Warden, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner Billy Gene Marshall, a state prisoner appearing pro se. Respondent filed a response to the petition (Dkt. # 8), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. ## 8, 9, and 11). Petitioner filed a reply (Dkt. # 13). On September 12, 2011, Petitioner filed a motion to expedite habeas corpus proceeding (Dkt. # 24). For the reasons discussed below, the petition for writ of habeas corpus shall be denied. Petitioner's motion to expedite this proceeding shall be declared moot.

*BACKGROUND*

On May 30, 2006, a man robbed the J&J Bargain Depot, located in Tulsa, Oklahoma, by hitting the sales clerk, LaDonna Washington, in the back of the head with a hammer. He also took her into the store's bathroom where he tied her hands, feet, and neck with twine, an extension cord, and articles of clothing found in the store. The robber took money, lottery tickets, and two (2) comforters.

The police conducted an investigation of the robbery and, on June 15, 2006, Petitioner was arrested and charged, in Tulsa County District Court, Case No. CF-2006-2740, with Robbery With

a Dangerous Weapon, After Former Conviction of Two or More Felonies. On July 12, 2007, at the conclusion of a two-stage jury trial, he was found guilty as charged. On August 3, 2007, the trial court judge sentenced Petitioner in accordance with the jury's recommendation to life imprisonment. Petitioner was represented during trial and sentencing proceedings by attorney Marny Hill.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Stephen Greubel, Petitioner raised the following propositions of error:

> Proposition 1: The in court identification of Appellant Marshall by Ms. Washington violated Appellant Marshall's constitutional right to due process of law.
>
> Proposition 2: Appellant Marshall's Fourteenth Amendment right to due process of law was violated because the evidence was insufficient to convict him of the crime of robbery.
>
> Proposition 3: Evidence suggesting that Appellant Marshall was involved in a homicide constituted an evidentiary harpoon, depriving him of a fair trial in violation of the Fifth, Sixth and Fourteenth Amendment rights.
>
> Proposition 4: The introduction of Appellant Marshall's "pen packet" during second stage proceedings deprived Appellant Marshall of his Fourteenth Amendment due process rights.

See Dkt. # 8, Ex. 1.  Petitioner also filed a pro se supplemental brief raising five (5) additional propositions of error, as follows:

> Proposition 1: The trial court erred in denying a defense request for discovery of forensic test results.
>
> Proposition 2: Trial counsel was ineffective for not requesting discovery of the robbery victim's criminal history.
>
> Proposition 3: Appellant was denied a fair trial by the surprise testimony of a State witness.
>
> Proposition 4: Trial counsel was ineffective for not challenging the legality of his arrest.
>
> Proposition 5: The State knowingly sponsored false testimony by the robbery victim.

See Dkt. # 8, Ex. 2. In an unpublished summary opinion filed November 18, 2008, in Case No. F-2007-815 (Dkt. # 8, Ex. 4), the OCCA rejected all of Petitioner's claims and affirmed the Judgment and Sentence of the district court.

On December 16, 2008, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition, Petitioner identifies four (4) grounds for relief, as follows:

> Ground 1: The in-court identification of Petitioner Marshall by Ms. Washington violated Petitioner Marshall's constitutional right to due process.
>
> Ground 2: Petitioner Marshall's Fourteenth Amendment right to due process of law was violated because the evidence was insufficient to convict him of the crime of robbery.
>
> Ground 3: Trial counsel rendered ineffective assistance and deprived him of due process when she failed to investigate and utilize DNA evidence which was exculpatory to prove his innocence.
>
> Ground 4: Petitioner was denied the effective assistance of trial counsel because trial counsel failed to prepare and file a motion to suppress or adopt his motion asserting false arrest.

See Dkt. # 1. In response to the petition, Respondent asserts that Petitioner's claims either do not justify relief under 28 U.S.C. § 2254(d) or are procedurally barred. See Dkt. # 8.

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent states that Petitioner has exhausted his state court remedies "for the purposes of federal habeas corpus review." See Dkt. # 8, ¶ 6. However, in proposition III of his response, Respondent contends that Petitioner's ground 3 claim of ineffective assistance of counsel is "unexhausted" but that, in light of the procedural posture of this case, it would be futile to require

Petitioner to return to state court to exhaust the claim. The Court agrees and finds that, upon review of the petition and the state court record, Petitioner has exhausted available state court remedies.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).

In this case, the OCCA adjudicated Petitioner's grounds 1, 2, and 4 on direct appeal. Therefore, those claims will be reviewed pursuant to § 2254(d).

**1. Reliability of in-court identification (ground 1)**

As his first proposition of error, Petitioner alleges that his in-court identification by the victim, LaDonna Washington, was prejudicial resulting in a denial of due process. See Dkt. # 1. Petitioner argues that Ms. Washington did not base her in-court identification on what she saw and

reported at the time of the crime. Id. The record reflects that the robbery victim, LaDonna Washington, testified at trial and, over defense counsel's objection, identified Petitioner as the man who robbed her on May 30, 2006. See Dkt. # 11-4, Tr. Trans. Vol. II at 209, 224, 236, 237. Ms. Washington had previously identified Petitioner as the robber at the preliminary hearing, see Dkt. # 9-2, Prelim. Hr'g Trans. at 15, and by selecting his photograph from a photo line-up prepared by the police, see Dkt. # 11-4, Tr. Trans. Vol. II at 235-37. On direct appeal, Petitioner challenged the trial court's admission of the victim's identification testimony. The OCCA rejected the claim, citing Hansford v. State, 764 P.2d 910, 912 (Okla. Crim. App. 1988), and finding as follows:

> [T]he victim's identification of Appellant as the perpetrator of the armed robbery was not based on any improperly suggestive photographic lineup. The robbery victim's identification of Appellant's photograph was immediate and positive, and she maintained her position at preliminary hearing and trial.

(Dkt. # 8, Ex. 4 at 2). In footnote 1 of its summary opinion, the OCCA offered additional explanation for the rejection of Petitioner's claim, stating as follows:

> The robbery victim had described her assailant as bald, yet she immediately and positively identified Appellant from a photo lineup, even though in this photo (which was not a recent photo), Appellant had short hair. Appellant's real complaint appears to be not with the assembly and presentation of the lineup, which included six photos of men with quite similar features, but with the discrepancy between the victim's description of the robber's hair (or lack thereof), and another witness's claim that, around the time of the robbery, Appellant had grey hair, albeit close-cropped and dyed black. This discrepancy was throughly explored in the cross-examination of the victim.

(Id. at 2 n.1). Respondent asserts that because the OCCA's rejection of this claim on direct appeal is not contrary to Supreme Court precedent, § 2254(d) prevents the granting of federal habeas relief on this issue.

As the Supreme Court stated in Manson v. Brathwaite, 432 U.S. 98 (1977), "the admission of testimony concerning a suggestive and unnecessary identification procedure does not violate due

5

process so long as the identification possesses sufficient aspects of reliability." Id. at 106. A reliability determination requires an inquiry into the totality-of-the-circumstances. Neil v. Biggers, 409 U.S. 188, 196 (1972). "The factors to be considered . . . include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the length of time between the crime and the confrontation." Manson, 432 U.S. at 114; see also Biggers, 409 U.S. at 199-200.

The OCCA's finding that the in-court identification was properly admitted does not reflect an unreasonable application of Biggers to the facts of this case. Application of the Biggers factors weighs strongly in favor of the reliability of Ms. Washington's identification: she viewed the robber for approximately forty-five (45) minutes while he was present in the store, see Dkt. # 11-4, Tr. Trans. Vol. II at 291, 301; she "got a good look at the robber" and paid enough attention to be able to describe details of his activities while in the store and to describe the robbers' demeanor prior to and during the robbery, id. at 224, 227, 291, 301; Ms. Washington testified that she was "positive" that Petitioner was the man who robbed her, id. at 237, 311; at some point prior to Petitioner's arrest on June 15, 2006, Ms. Washington picked Petitioner's photo out of a photo-lineup, id. at 236, 464; and less than three (3) months passed between the robbery and Ms. Washington's identification of Petitioner at the preliminary hearing held August 14, 2006. See Dkt. # 9-2, Prelim. Hr'g Trans. at 15. Although Petitioner complains of alleged discrepancies between his physical appearance at the time of the robbery and the description of the robber given by Ms. Washington to the police, any weakness surrounding the victim's in-court identification testimony was presented to the jury through defense counsel's cross-examination of Ms. Washington and other witnesses. See, e.g., Dkt.

# 11-4, Tr. Trans. Vol. II at 289-305; Dkt. # 11-5, Tr. Trans. Vol. III at 467-82. Under the "totality of the circumstances," the likelihood of an irreparable misidentification was not substantial. The Court finds that the OCCA's adjudication of this claim on direct appeal was not "contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Therefore, Petitioner is not entitled to habeas corpus relief on this claim.

### 2. Sufficiency of the evidence (ground 2)

As his second proposition of error, Petitioner claims that the State presented insufficient evidence to support his conviction for Robbery With a Dangerous Weapon. On direct appeal, the OCCA rejected this claim, citing McAdams v. State, 763 P.2d 391, 393 (Okla. Crim. App. 1988), and stating as follows:

> [W]hile the reliability of the robbery victim's identification was the subject of some impeachment, it was corroborated by several pieces of circumstantial evidence, including statements made by Appellant before, during, and after the robbery, and property observed in his possession after the robbery. All of this evidence, taken together, was sufficient for a rational trier of fact to conclude, beyond a reasonable doubt, that Appellate was the perpetrator.

(Dkt. # 8, Ex. 4).

In a habeas proceeding, the Court reviews the sufficiency of the evidence "in the light most favorable to the prosecution" and asks whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This standard of review respects the jury's responsibility to weigh the evidence and to draw reasonable inferences from the testimony presented at trial." Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004) (citing Jackson, 443 U.S. at 319). In other words, it "impinges upon 'jury'

discretion only to the extent necessary to guarantee the fundamental protection of due process of law." Jackson, 443 U.S. at 319.

Petitioner was charged and convicted of Robbery With a Dangerous Weapon in violation of Okla. Stat. tit. 21, § 801. That statute provides, in pertinent part, as follows:

> Any person or persons who, with the use of any firearms or any other dangerous weapons, . . . robs any person or persons, or who robs or attempts to rob any place of business, residence or banking institution or any other place inhabited or attended by any person or persons at any time, either day or night, shall be guilty of a felony and, upon conviction therefor, shall suffer punishment by imprisonment for life in the State Penitentiary, or for a period of time of not less than five (5) years, at the discretion of the court, or the jury trying the same.

Okla. Stat. tit. 21, § 801.

The Court finds that the evidence against Petitioner, when viewed in the light most favorable to the prosecution, was sufficient for a rational fact-finder to have found beyond a reasonable doubt that Petitioner was guilty of Robbery With a Dangerous Weapon. The jury heard the testimony of the robbery victim, LaDonna Washington, that Petitioner entered J&J Bargain Depot, hit her in the head with a hammer causing a laceration on the back of her head, and took from the store money, lottery tickets, and two (2) comforters. See Dkt. # 11-4, Tr. Trans. at 217, 223, 233. Without a doubt, the strongest piece of evidence against Petitioner was Ms. Washington's identification of Petitioner as the robber. As discussed above, Petitioner challenges that identification. Significantly, Ms. Washington never wavered in her identification of Petitioner as the robber who assaulted her with a hammer. As noted by the OCCA, any inconsistencies in her identification were the subject of cross-examination by defense counsel. In addition to Ms. Washington's identification, the State presented circumstantial evidence supporting Petitioner's conviction, including the testimony of Petitioner's girlfriend, Sheila Jones, and her son, Ivory Jones, that, during the first week of June

8

2006, or only a few days after the robbery, there was a comforter at their home. See Dkt. # 11-4, Tr. Trans. at 402,  Ms. Jones testified that she had not seen the comforter before and that it had a "yellow-beige background with flowers in it." Id. at 404. Ivory testified that he found the comforter inside a zippered plastic bag on the top shelf of a closet in the garage, and that it was "yellowish brown" with blue and pink flowers. Id. at 418. Ms. Washington testified that the comforters taken in the robbery were packaged in plastic bags with zippers, id. at 220, and that they were "tan and blue with flowers." Id. at 297.  The jury also heard testimony concerning a comment made by Petitioner to Ms. Jones sometime in May 2006 demonstrating his knowledge of the merchandise sold at J&J Bargain Depot. Id. at 395.  In contrast, Petitioner told Detective Little that he had never been to J&J Bargain Depot. Id. at 466. After reviewing the evidence in the light most favorable to the prosecution, the Court finds the evidence was sufficient to support Petitioner's conviction and the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to, or an unreasonable application of, federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Tenth Circuit has yet to decide whether sufficiency of the evidence on habeas review presents a question of law or fact). Petitioner is not entitled to habeas corpus relief on this claim.

### 3. Ineffective assistance of trial counsel (ground 4)

As his fourth proposition of error, Petitioner complains that trial counsel provided ineffective assistance in failing to prepare and file a motion to suppress or adopt his motion asserting false arrest. (Dkt. # 1). On direct appeal, the OCCA denied relief, citing McAdams, 763 P.2d at 392-93, and finding that "because we find the anonymous tip, followed by the victim's positive

9

identification, was sufficient to support the arrest warrant, trial counsel was not ineffective for failing to challenge the legality of Appellant's arrest." See Dkt. # 8, Ex. 4.

To be entitled to habeas corpus relief on his claim of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688.  In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential.  "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.  To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).  This Court's review of the OCCA's decision on ineffective assistance of counsel claims is "doubly deferential. " Cullen v.

Pinholster, 131 S.Ct. 1388, 1403 (2011) (noting that a habeas court must take a "highly deferential" look at counsel's performance under Strickland and through the "deferential" lens of § 2254(d)).

Petitioner cannot satisfy the prejudice prong of the Strickland standard. Assuming, without finding, that trial counsel performed deficiently in failing to raise the identified claims, Petitioner cannot show that the results of the proceeding would have been different but for counsel's deficient performance. The affidavit in support of the arrest warrant was prepared by Detective Little after the victim selected Petitioner's photo from a photo lineup. Detective Little prepared the photo lineup based on information he received in an anonymous tip. That evidence was sufficient to support the arrest warrant. Thus, a motion to suppress based on Petitioner's false arrest argument would have been denied. Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). He is not entitled to habeas corpus relief on this claim.

## C. Ineffective assistance of counsel (ground 3)

As his third proposition of error, Petitioner alleges that trial counsel provided ineffective assistance in failing to utilize available DNA evidence. As noted by Respondent, this claim has not been presented to the OCCA and is, therefore, unexhausted. However, rather than analyze the procedural status of this claim, the Court finds it to be more efficient to analyze and deny the claim on the merits. See 28 U.S.C. § 2254(b)(2); see also Smith v. Mullin, 379 F.3d 919, 927 (10th Cir. 2004) ("We need not determine the level of deference owed the OCCA's conclusions as to these various misconduct claims or which [claims] are barred on independent and adequate state grounds. Where an issue may be more easily and succinctly affirmed on the merits, judicial economy counsels in favor of such a disposition.") (internal quotations and citation omitted); Cannon v. Mullin, 383

11

F.3d 1152, 1159 (10th Cir. 2004) ("When questions of procedural bar are problematic, however, and the substantive claim can be disposed of readily, a federal court may exercise its discretion to bypass the procedural issues and reject a habeas claim on the merits.").

In his pro se supplemental brief filed on direct appeal, Petitioner alleged that the trial court erred in denying a defense request for discovery of forensic test results. The OCCA rejected that claim, finding that:

> [T]he record shows that the forensic test results Appellant complains about were, in fact, provided to defense counsel in advance of trial.

(Dkt. # 8, Ex. 4 at 3-4). That finding of fact is entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1). Petitioner has failed to provide clear and convincing evidence to rebut the presumption of correctness afforded the state court's conclusion that defense counsel had the Forensic Laboratory Report in her possession in advance of trial. According to the report, no DNA information was obtained from the blue towel that was recovered at the scene.[1] See Dkt. # 8, Ex. 13. DNA was extracted from other items of evidence, including children's garments and twine used to tie up Ms. Washington and a blue shirt, but that DNA was attributable to Ms. Washington. Id. The evidence contained within the report cannot be characterized as "exculpatory." Furthermore, the record reflects that trial counsel brought the lack of inculpatory DNA evidence to the jury's attention during her opening argument, see Dkt. # 11-3, Tr. Trans. Vol. I at 188-90, during her cross-examination of Detective Little, see Dkt. # 11-5, Tr. Trans. Vol. III at 474-75, 481, and during her closing argument,

---

[1] Petitioner incorrectly believes that the "blue towel tested 'negative' to Petitioner Marshall." See Dkt. # 1. In reality, the report states that "[n]o DNA information was obtained" from the blue towel. See Dkt. # 8, Ex. 13. A finding that no DNA information was obtained is not the same as a finding that "the DNA test results were negative as to Petitioner," as claimed by Petitioner.

12

see id. at 534. Petitioner's trial counsel did not provide ineffective assistance in her utilization of the information contained in the Forensic Lab Report. Strickland, 466 U.S. at 687. Petitioner is not entitled to habeas corpus relief on this claim.

### D. Certificate of appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In this case, the Court finds that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

### *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

2. Petitioner's motion to expedite habeas corpus proceeding (Dkt. # 24) is **declared moot**.

3. A separate judgment in favor of Respondent shall be entered in this matter.

4. A certificate of appealability is **denied**.

**DATED** this 20th day of March, 2012.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE